Douglas R. Rands, Esq.
Bar No. 3572
RANDS, SOUTH & GARDNER
9498 Double R Blvd., Suite A
Reno, Nevada  89521
(775)827-6464
(775) 827-6496

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DR. ANNETTE TEIJEIRO, an individual; ERNEST FITZPATRICK, an individual; MARIO ROCHA, an individual; MARTHA KIMPEL, an individual; MAUREEN KARAS, an individual; and JENNIFER WILLIAMS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL SCHNEIDER, in his capacity as President Pro Tempore of the Nevada Senate; JOHN OCEGUERA, in his official capacity as Speaker of the Nevada Assembly; and DEBBIE SMITH, in her official capacity as Speaker Pro Tempore of the Nevada Assembly,<br><br>Defendants. | CASE NO.:<br><br><u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u> |

Plaintiffs, Dr. Annette Teijeiro, Ernest Fitzpatrick, Mario Rocha, Martha Kimpel, Maureen Karas, and Jennifer Williams (referred to collectively as "Plaintiffs"), by and through their undersigned counsel, for their Complaint for Declaratory and Injunctive Relief, state as follows:

### INTRODUCTION

1. This suit is brought to remedy violations of the Plaintiffs' right to vote as secured by the United States Constitution. Under current practice in the State of Nevada, the voting districts for seats in the United States House of Representatives, for seats in the Nevada Assembly, and for seats in the Nevada Senate (the "Voting Districts") are drawn based on census figures determined

1  every ten years. The current Voting Districts were determined using census data from the 2000
2  census. In 2000, the State of Nevada had a total population of 1,998,257. Data from the year 2010
3  census shows that the State's population has grown to approximately 2,700,551 residents. Data from
4  the year 2010 census also shows that the State's Hispanic population has grown from 393,970 to
5  716,501, an 81.9% increase since 2000.

6       2.   As a result of this population growth, Plaintiffs now reside in Voting Districts in
7  which the right to vote is improperly diluted. This vote dilution violates applicable law, and only
8  by redrawing the districts for each of the three legislative bodies can solve the vote-dilution problem
9  be solved.

10      3.   In addition, significant Hispanic communities currently are divided between
11 representational districts in a manner that dilutes their voting rights. The present voting districts
12 diminish their ability to elect candidates of their choice. This vote dilution violates applicable law,
13 and only by redrawing the districts for each of the three legislative bodies can solve the vote-dilution
14 problem be solved.

15      4.   The regular session of the Nevada Legislature is currently convened and is scheduled
16 to end on June 6, 2011. The Nevada Legislature has the ability and authority to redraw the
17 legislative districts to remedy the voting rights violations at issue here, but there is no guarantee that
18 the Nevada Legislature will be able to pass a redistricting plan; nor is there any guarantee that any
19 redistricting plan ultimately enacted by the Nevada Legislature will be signed by the Governor of
20 Nevada. There also is no guarantee that any redistricting plan passed by the Nevada Legislature and
21 signed by the Governor of Nevada will meet the requirements of the United States Constitution and
22 the Voting Rights Act of 1965, 42 U.S.C. §§ 1973 et seq. ("Voting Rights Act").

23      5.   Plaintiffs therefore request that the Court take jurisdiction of this matter and declare
24 that the Voting Districts, as currently drawn, violate the United States Constitution and the Voting
25 Rights Act. Plaintiffs also request that the Court establish a schedule by which the Nevada
26 Legislature must act to redress the voting rights violations caused by malapportioned districts, and
27 that the Court itself undertake to redraw the districts in question if no acceptable plan is produced
28 by the Nevada Legislature.

## JURISDICTION AND VENUE

6. Jurisdiction in this action is proper pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)-(4), 2201, and 2202, and 42 U.S.C. §§ 1983 and 1988.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the changes and shifts in population resulting in the voting rights violations complained of herein occurred in this district.

## PARTIES

8. Plaintiff Dr. Annette Teijeiro resides at 1740 Ultra Drive, Henderson, Nevada. Dr. Teijeiro is Hispanic and is a registered voter in the State of Nevada, specifically, Clark County.

9. Plaintiff Ernest Fitzpatrick resides at 4911 Black Bear Road Unit 202, Las Vegas, Nevada, 89149. Mr. Fitzpatrick is Hispanic and is a registered voter in the State of Nevada, specifically, Clark County.

10. Plaintiff Mario Rocha resides at 6401 Obannon Drive, Las Vegas, Nevada. Mr. Rocha is Hispanic and is a registered voter in the State of Nevada, specifically, Clark County.

11. Plaintiff Maureen Karas resides at 4146 Agosta Luna Place, Las Vegas, Nevada. Ms. Karas is a registered voter in the State of Nevada, specifically, Clark County.

12. Plaintiff Martha Kimpel resides at 10057 Prattville Avenue, Las Vegas, Nevada. Ms. Kimpel is Hispanic and is a registered voter in the State of Nevada, specifically, Clark County.

13. Plaintiff Jennifer Williams resides at 3305 N. Jones Blvd., Las Vegas, Nevada. Ms. Williams is Hispanic and is a registered voter in the State of Nevada, specifically, Clark County.

14. Defendant Michael Schneider is the President Pro Tempore of the Nevada Senate and, in the absence of the Lieutenant Governor of the State of Nevada, serves as the presiding officer of the Nevada Senate.

15. Defendant John Oceguera is the Speaker of the Nevada Assembly and is the presiding officer of the Nevada Assembly.

16. Defendant Debbie Smith is the Speaker Pro Tempore of the Nevada Assembly and, in the absence of the Speaker of the Nevada Assembly, serves as the presiding officer of the Nevada Assembly.

17. All of the Defendants are sued in their official capacities only.

## BACKGROUND FACTS

18. The 76th Session of the Nevada Legislature faces the task of redrawing districts for all seats in the Nevada Assembly and Senate, as well as for the Nevada delegation to the U.S. House of Representatives. In redrawing the Voting Districts, the Nevada Legislature will have to address a number of issues, including the growth of population in the State, shifts in population within the State, and the addition of one seat to the State's delegation to the U.S. House of Representatives through the reapportionment process.

19. According to the 2000 census, the State's total population was 1,998,257. Using this figure, Nevada was accorded three (3) seats in the U.S. House of Representatives.

20. Data from the 2010 census will substantially alter these figures. Reapportionment is expected to add one seat to the Nevada delegation to the U.S. House of Representatives and it will also require an increase in the size of each District.

21. The Nevada Legislature has until the conclusion of the 76th Session on June 6, 2011, to enact a redistricting plan. Upon information and belief, either the Nevada Legislature will not successfully redraw three sets of voting districts within the strict time frame allotted, or even if successfully redrawn, the new voting districts will not be signed into law by the Governor of the State of Nevada. If no redistricting plan is enacted, then absent a special legislative session, which may or may not result in the enactment of a redistricting plan, the task of redrawing the Voting Districts may fall to the courts.

22. The possibility that new voting districts will not be drawn in time to meet the filing deadline for the 2012 election cycle is quite real and more than just theoretical. Previously, for example, Michigan has failed to adopt a congressional redistricting plan following three consecutive decennial censuses. After each census, the task of redrawing Michigan's congressional districts fell to the courts. In another example, following the 1990 census, the Arizona House and Senate were unable to agree on a single plan for congressional redistricting, leaving the decision to the federal courts.

23. Should new voting districts not be speedily drawn and enacted in Nevada, Plaintiffs

and many Nevada citizens will suffer dilution of their votes in elections to be held in 2012. At this time, Nevada legislative and congressional districts across the State contain significant population variances due to both growth in the population of the State and shifts in State population.

24. Voting disparities of this magnitude in the Voting Districts are of great concern to Plaintiffs because of the vote dilution that results from the disparities. All of the Plaintiffs would experience vote dilution in any election held using the Voting Districts as currently drawn.

25. The Voting Districts also do not account for Hispanic communities that comprise geographically compact, politically cohesive, majority-minority groups. These Hispanic communities currently are divided between representational districts in a manner that dilutes their voting rights. The Voting Districts, as currently drawn, diminish the ability of Hispanic voters to elect candidates of their choice.

## VIOLATIONS OF LAW

26. The allegations in paragraphs 1-25 are incorporated herein by reference.

27. The population increases and population variances described herein demonstrate that the Voting Districts, as currently drawn, violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because Plaintiffs are denied their right to equal protection in the United States Congress and the Nevada Legislature.

28. The Voting Districts, as currently drawn, violate Article I, section 2 of the United States Constitution, which provision requires the State of Nevada to ensure that the State's delegation to the U.S. House of Representatives is chosen in a way that ensures each citizen of the State an equal, fair, and effective vote in congressional elections.

29. The Voting Districts, as currently drawn, violate section 2 of the Voting Rights Act because the Voting Districts impermissibly discriminate on the basis of race and/or Hispanic origin. The Voting Districts dilute the voting rights of the Plaintiffs Dr. Annette Teijeiro, Ernest Fitzpatrick, Mario Rocha, Martha Kimpel, and Jennifer Williams.

30. The Voting Districts, as currently drawn, intentionally violate the Fourteenth and Fifteenth Amendments to the United States Constitution because the Voting Districts impermissibly discriminate on the basis of race and/or Hispanic origin. The Voting Districts dilute the voting

rights of the Plaintiffs.

**PRAYER FOR RELIEF**

Plaintiffs therefore respectfully request that the Court:

a.  Assume jurisdiction over this matter;

b.  Convene a three-judge panel pursuant to 28 U.S.C. § 2284 so that a court with the authority to establish any necessary redistricting plan(s) is constituted in a timely manner;

c.  Enter a declaratory judgment that the Voting Districts violate Plaintiffs' rights under federal law;

d.  Enjoin Defendants from using the Voting Districts in any future primary or general election(s);

e.  Redraw the Voting Districts;

f.  Grant Plaintiffs reasonable attorney's fees and costs in this action, including but not limited to attorney's fees, expert witness fees, and other costs and expenses recoverable pursuant to 42 U.S.C. §§ 1973l(e) and 1988(b); and

g.  Provide such other and further relief as the Court may deem proper.

DATED this 9th day of May, 2011.

RANDS, SOUTH & GARDNER

By: _____
Douglas R. Rands
9498 Double R Blvd., Suite A
Reno, Nevada  89521
Attorneys for Plaintiffs